June 21, 2023

*Via ECF*

Judge Donna M. Ryu
U.S. District Court for the Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

**Re:** *Roadget Business Pte. Ltd. v. Twitter, Inc.*, Case No. 23-mc-80176-DMR (N.D. Cal.)

Dear Judge Ryu,

    We write jointly on behalf of Roadget Business Pte. Ltd. ("Roadget") and X Corp., as successor in interest to Twitter, Inc. ("Twitter"), whereby Roadget seeks judicial intervention with respect to Request Nos. 2-3 of its Subpoena to Produce Documents, Information, or Objections ("Subpoena"), issued in connection with *Roadget Bus. Pte. Ltd. v. Whaleco, Inc., et al.*, Case No. 22-cv-07119 (N.D. Ill.) (the "Action"). On July 14, 2023, counsel for Twitter and Roadget met and conferred by video, but the parties were unable to resolve their disputes. Given the complexity of the issues relating to the Stored Communications Act's (18 U.S.C. §§ 2701, *et seq*, the "SCA") restrictions, the parties respectfully request formal briefing and a hearing, as they believe it would enable the Court to fully consider these important issues.

**I.     Factual Background and Relevant Case Management Dates**

    Roadget alleges in the Action that PDD Holdings Inc. and WhaleCo, Inc. (collectively, "Temu") willfully infringed Roadget's trademark and copyright rights by impersonating the well-known SHEIN brand on social media, including on Twitter. The Subpoena to non-party Twitter seeks documents and information related to allegedly fraudulent accounts that Roadget claims use the SHEIN trademarks in their account handles (the "Imposter Twitter Accounts"). Twitter produced documents in response to Request Nos. 1 and 4 of the Subpoena, but did not produce any documents in response to Request Nos. 2-3, standing on its objections, including under the SCA. Request Nos. 2-3 and Twitter's objections are attached as Exhibit A.

    Roadget represents that the relevant case management dates for the Action are as follows: (1) the fact discovery deadline is 12/29/23; (2) Roadget's expert disclosure and reports are due 1/31/24; (3) depositions of Roadget's experts to be completed by 3/1/24; (4) Temu's expert disclosures and reports are due 4/1/24; (5) deposition of Temu's expert to be completed by 5/1/24; and (6) dispositive motions are due by 6/3/24. Pretrial conference and trial dates have not yet been scheduled in the Action.

**II.    The Parties' Positions on Request Nos. 2-3 of the Subpoena.**

    Request No. 2 seeks "all posts, including deleted posts, made by Imposter Twitter Accounts and the data relating to such posts, including likes, retweets, and comments made on those posts." Request No. 3 seeks "direct messages, including deleted messages, sent or received by the

Judge Donna M. Ryu
July 21, 2023
Page 2

Imposter Twitter Accounts."

### A. Twitter's Position

Twitter has already produced to Roadget basic subscriber information for the Twitter accounts at-issue and should not be compelled to comply with Roadget's Request Nos. 2 and 3.

*First*, non-party discovery is appropriate only if the information sought is unavailable from parties to the litigation. Fed. R. Civ. P. 45(d)(1); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). California courts applying this rule, including in analogous circumstances, have found that requests for production directly to users are the appropriate way to obtain content, particularly considering the SCA's restrictions. *Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 731 (9th Cir. 2011); *Doe v. City of San Diego*, 2013 WL 2338713, at *3 (S.D. Cal. May 28, 2013); *O'Grady v. Superior Court*, 139 Cal.App.4th 1423, 1446 (Cal. Ct. App. 2006); *Facebook, Inc. v. Superior Court (Hunter),* 46 Cal.App.5th 109, 120-21 (Cal. Ct. App. 2020). Roadget believes the Defendants in its litigation are the users behind the Twitter accounts at-issue, but Roadget has not exhausted discovery efforts to obtain the information from them. Roadget's failure to fully utilize discovery vis-à-vis the Defendants before burdening non-party Twitter -- and implicating the SCA -- should be fatal to Request Nos. 2 and 3.

*Second,* Roadget admits that Request No. 2 seeks publicly available information. Subpoenas for such public information are generally improper, particularly as to non-parties. *Neal v. City of Bainbridge Island*, 2023 WL 2214245, at *4 (W.D. Wash. Feb. 24, 2023); *Valenzuela v. Smith*, 2006 WL 403842, at *2 (E.D. Cal. Feb. 16, 2006). This appears to be a fishing expedition. In addition to failing to seek this information from Defendants, Roadget has not explained why the public Tweets are relevant, why the Tweets it already obtained from the accounts are insufficient to prove its claims, or why Twitter should produce more. Request No. 2 should fail.

*Third*, Request No. 2 seeks non-public information, *e.g.*, data of who "liked" Tweets. Information revealing identities of people who "like" a post is content, and production is prohibited by the SCA (see below). *Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1114-15 (N.D. Cal. 2018); *In re Meta Pixel Healthcare Litig.*, 2022 WL 17869218, at *11 (N.D. Cal. Dec. 22, 2022).

*Fourth*, Request No. 3 -- and No. 2 to the extent it seeks non-public content -- is enjoined by the SCA. The SCA generally prohibits platform providers such as Twitter from disclosing the contents of a user's private communications in response to a civil subpoena (18 U.S.C. § 2702(a)), and none of the exceptions Roadget relies on apply. Courts applying § 2702(b)(3) have held that users do not impliedly consent to a platform provider disclosing communications they have sent to a restricted group -- *i.e.*, content unavailable to the general public. *Facebook, Inc. v. Superior Court,* 4 Cal.5th 1245, 1250, 1271 (Cal. 2018); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 972-73 (C.D. Cal. 2010). Consent required to invoke § 2702(b)(3) is "actual consent" (*Negro v. Superior Court*, 230 Cal.App.4th 879, 889 (Cal. Ct. App. 2014)), and acknowledging a platform provider's terms of service or privacy policy is insufficient (*Suzlon Energy Ltd.*, 671 F.3d

Judge Donna M. Ryu
July 21, 2023
Page 3

at 731; *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *2 (9th Cir. May 31, 2022))[1]. There is no actual consent from users here, and the SCA prohibits production.

*Fifth*, Roadget's Request No. 3 does not ask for "record information." It seeks only "direct messages," in stark contrast to Request No. 2. Roadget cannot improperly broaden Request No. 3, nor (mis)construe other SCA exceptions to gut the SCA's important privacy protections.

*Finally*, the parties agreed this joint letter would preview for the Court the issues discussed on July 14, and that, for this purpose, the parties would not revise their written positions after simultaneously exchanging them. As below, Roadget takes issues with being held to that agreement, even when Twitter met and conferred on all issues set out above on July 14.

**B.      Roadget's Position**

Roadget seeks all documents responsive to Request Nos. 2-3 other than deleted posts and messages (the "Documents"). Twitter's objection that Roadget should seek the Documents directly from Temu is baseless. Roadget has already sought documents on the Imposter Twitter Accounts from Temu, to no avail, with Temu taking the position that it did not set up or operate the accounts. Further, the court in the Action granted Roadget's request to seek expedited discovery from Twitter and ordered Twitter to respond to the Subpoena within fourteen days. Twitter has not complied.

Twitter's SCA objections are similarly baseless. First, public posts and data are not covered by the SCA, *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, C07-03952 JW (HRL), 2009 WL 2783206, at *2 (N.D. Cal. July 15, 2008), or alternatively, can be disclosed under (a) the "consent" exception, 18 U.S.C. § 2702(b)(3) because Twitter users consented to their disclosure by posting publicly and by agreeing to Twitter's Terms of Service and other policies that expressly permit such disclosure, *see* H.R. Rep. No. 99-647, at 66 (1986) (consent may be implied when a user posts publicly or accepts a provider's terms of service), and (b) the "intended recipient" exception, 18 U.S.C. § 2702(b)(1) because the public, including Roadget, was the intended recipient of the public posts. *See In re Facebook Privacy, Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011). Second, private posts, direct messages, and related data can be disclosed under the "consent" exception because Twitter users also consented to their disclosure by agreeing to Twitter's Terms of Service and other policies. Third, Roadget is entitled to all "record information" comprising the Documents (*i.e.*, anything other than the actual message communicated by the Imposter Twitter Accounts) under the broad exception for "any person other than a government entity" (18 U.S.C. § 2702(c)(6)), and also because the users for the accounts consented to disclosure of this type of information (18 U.S.C. § 2702(c)(2)). *See In re Zynga Priv. Litig.*, 750 F.3d 1098, 1105-1007 (9th Cir. 2014); *Leonardo World Corp. v. Pegasus Sols., Inc.*, Case No. 5:15-mc-80165-PSG, 2015 WL 5610019, at *3 (N.D. Cal. Sept. 24, 2015.)

Twitter argues that Roadget should collect public posts and data directly from its website, but there are many technical and practical limitations to what Roadget can find through its own investigations. Some Imposter Twitter Accounts, like @SHEIN_NYC, @SHEIN_DC, and

---

[1] *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1104 (9th Cir. 2014) ("[T]he Stored Communications Act… imposes requirements on providers of remote computing services that are similar to the requirements of the Wiretap Act.").

Judge Donna M. Ryu
July 21, 2023
Page 4

@SHEIN_USA, have been suspended by Twitter, and only Twitter has access to the public posts and data for these accounts. Also, due to the challenges of searching the entire Twitter website for fraudulent accounts, there are likely more Imposter Twitter Accounts that Roadget has not, or cannot, find on its own. For all of the above reasons, Roadget requests that the Court compel Twitter to produce all of the Documents to Roadget.

Twitter has raised new issues in this letter that it did not raise in the parties' July 14 video call, namely, Twitter's second and third issues above. Those issues should be disregarded by the Court. During the call, Twitter insisted on a simultaneous exchange of the parties' written positions. Roadget's counsel agreed to the simultaneous exchange, but indicated that Roadget's summary may need to be revised if Twitter raised new issues and if counsel received feedback from Roadget.

When the exchange occurred yesterday morning, Roadget learned Twitter raised these new issues. Roadget sought to respond to Twitter's last-minute additions in this joint letter, but Twitter threatened to file declarations that Roadget had met and conferred in bad faith. Thus, Roadget decided, with Twitter's agreement, to note the parties' disagreement in this letter. If the Court opts to consider Twitter's new issues, Roadget respectfully requests the opportunity to respond to the same.

Respectfully submitted,

By: __/s/ Asa W. Markel_____

Asa W. Markel
Masuda, Funai, Eifert and Mitchell, Ltd.
amarkel@masudafunai.com
19191 South Vermont Avenue, Suite 420
Torrance, CA 90502
Telephone: (310) 630-5900
Facsimile: (310) 630-5909

*Attorney for Roadget Business Pte. Ltd.*


By: __/s/ J. Jonathan Hawk_____

J. Jonathan Hawk
White & Case LLP
jhawk@whitecase.com
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620 7741

*Attorney for X Corp., as successor in interest to Twitter, Inc.*